Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| HON. O´BRIAN VÁZQUEZ MOLINA MUNICIPIO DE GUAYAMA Recurrente v. DEPARTAMENTO DE LA FAMILIA Recurrido | KLRA202300635 | Revisión Administrativa procedente de la Junta Adjudicativa del Departamento de la Familia Apelación Núm.: 2017 PCHC0012A Sobre: Factura al Cobro Oficina: ACUDEN |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de diciembre de 2023.

Sabido es que la revisión judicial nos permite asegurar que los organismos administrativos actúen de acuerdo con las facultades que legalmente les fueron concedidas. *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998 (2008). Sin embargo, el foro apelativo solo puede ejercer su autoridad cuando las resoluciones, órdenes o sentencias de una agencia u organismo administrativo son finales. Art. 4.006 de la Ley de la Judicatura de 2003 (4 LPRA sec. 24y). Véase, también, Sec. 4.3 de la Ley de Procedimiento Administrativo Uniforme (LPAU) (3 LPRA sec. 9673); *Moreno Ferrer v. Jta. Reglamentadora del Cannabis Medicinal*, 209 DPR 430 (2022). En efecto, un recurso administrativo en contra de una decisión interlocutoria es prematuro, por lo que priva a este foro apelativo de jurisdicción. *Yumac Home Furniture, Inc. v. Caguas Lumber Yard, Inc.*, 194 DPR 96 (2015). Ante

dicho escenario, el *Reglamento del Tribunal de Apelaciones* contempla la desestimación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Regla 83(2) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). No obstante, la desestimación de un recurso prematuro no prohíbe en absoluto que el recurrente vuelva a presentarlo, una vez el foro apelado resuelva la controversia ante su consideración. *Yumac Home Furniture, Inc. v. Caguas Lumber Yard, Inc.*, *supra*.

En el presente caso, el recurrente acudió ante este Tribunal prematuramente. Como claramente expresado por el recurrente en su solicitud, este compareció vía revisión administrativa para que revoquemos una resolución interlocutoria de la Junta Adjudicativa del Departamento de la Familia, en lugar de una final como dispuesto en ley. Indudablemente, acoger la petición del recurrente cuando la Junta Adjudicativa todavía no ha evaluado la controversia en sus méritos y dictaminado su decisión final y fundamentada resulta inoportuno.

Por los fundamentos expuestos, desestimamos el recurso presentado por falta de jurisdicción. En consecuencia, se deniega también la *Solicitud urgente de orden provisional en auxilio de jurisdicción* pendiente.

**Notifíquese de inmediato a todas las partes**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Juez Brignoni Mártir concurre sin escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones